FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 05 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN A. SANCHEZ,

    Plaintiff,

v.

    No. CIV-03-0904 WJ/RLP

COUNTY OF RIO ARRIBA,
RIO ARRIBA BOARD OF COUNTY
COMMISSIONERS, ALFREDO MONTOYA,
RAY TAFOYA, MOISES MORALES, ELIAS CORIZ,
ANDREW CHAVEZ, LORENZO VALDEZ,
COUNTY MANAGER, ANTHONY VALDEZ,
DETENTION CENTER ADMINISTRATOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for further review of Plaintiff's removed civil rights complaint under 28 U.S.C. § 1915A and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appears pro se. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion, *sua sponte* under §1915A, to dismiss a prisoner's complaint against "a governmental entity or officer or employee . . . or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973

F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that a leaky faucet caused a slippery wet area on the floor of Plaintiff's cell. Although Plaintiff notified Defendants of this condition, no action was taken. Five days later Plaintiff slipped and fell on the slippery spot, incurring serious injuries. Three days afterward, a maintenance person worked on the leak, allegedly using toothpaste as a sealant. Although the repair did not last, Plaintiff did not suffer additional injuries. Plaintiff claims Defendants' actions amounted to deliberate indifference to his well-being, in violation of certain of his constitutional protections. He also asserts negligence claims under state law. The complaint seeks damages and injunctive relief.

Plaintiff names a number of individual and government entity defendants--the county, the board of county commissioners, individual county commissioners, the county manager, and the jail administrator. The complaint does not specifically identify the person or entity, other than, presumably, the jail administrator, who was responsible for maintenance of the detention center. No allegation is made that the county had a policy or custom of refusing to effect necessary maintenance. Plaintiff alleges that, although he advised "correctional authority" of the dangerous condition, no action was taken for eight days and on the fifth day he injured himself in a fall. The maintenance worker who failed to repair the leak is not named as a defendant.

Plaintiff's allegations do not support § 1983 claims against certain Defendants. The complaint contains no allegations against Defendants County of Rio Arriba; Rio Arriba Board of County Commissioners; (commissioners) Montoya, Tafoya, Morales, Coriz, and Chavez; and (county manager Lorenzo) Valdez, affirmatively linking them to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a governmental official may not be based

2

solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's § 1983 claims against these Defendants will be dismissed.

With respect to Plaintiff's state law claims, "the doctrine of respondeat superior extends liability to the public entities that have supervisory control over the tortious actors." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 916 P.2d 1313, 1318 (N.M. 1996). Such liability is subject to "a remoteness standard for limiting a political entity's liability." *Id.* Here, Plaintiff makes no showing that the county, the board, or its members had any supervisory control over the daily maintenance of the detention center. Plaintiff's state law claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims under 42 U.S.C. § 1983 against Defendants County of Rio Arriba, Rio Arriba Board of County Commissioners, Montoya, Tafoya, Morales, Coriz, Chavez, and (Lorenzo) Valdez are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's state law claims against Defendants Rio Arriba Board of County Commissioners, Montoya, Tafoya, Morales, Coriz, and Chavez are dismissed with prejudice;

IT IS FURTHER ORDERED that Defendants Rio Arriba Board of County Commissioners, Montoya, Tafoya, Morales, Coriz, and Chavez are DISMISSED as parties to this action.

_____
UNITED STATES DISTRICT JUDGE

3