IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN A. SANCHEZ,

    Plaintiff,

v.

COUNTY OF RIO ARRIBA, et al.,

    Defendants.

Civ. No. 03-0904 WPJ/RLP

## MAGISTRATE JUDGE'S SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     This proceeding was originally filed in New Mexico First Judicial District Court, *Sanchez v. County of Rio Arriba, et al.*, Cause No. D-0117CV00247. Defendant[2] removed to this court based on Plaintiff's allegation that his cause of action arose under 42 U.S.C. § 1983. This court recommended dismissal for want of subject matter jurisdiction because the claim was for negligence. After objections by the Defendant, the district court held that the complaint stated a cause of action under the Eighth Amendment.

2.     Plaintiff alleges that on July 23, 2001 he noticed a wet spot on his cell floor and contacted prison officials who sent a maintenance technician to inspect the leak. Four days later the leak had not been fixed and Plaintiff fell, suffering serious injuries.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] There is only one remaining defendant, Anthony Valdez, pursuant to the district court's Memorandum Opinion and Order of February 5, 2004 [Doc. 10].

3. Defendant now moves for dismissal for Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"). Defendant has submitted forms indicating the grievance procedure to be followed. Although there is no indication that plumbing matters are part of the prison's grievance procedures, the court accepts that the PLRA covers causes of action which could be deemed "dangerous conditions of confinement." In any event, Plaintiff has not responded to the Motion to provide the court with any procedures he followed. Nonetheless the court recommends that the complaint be dismissed without prejudice because the grievance procedures submitted do not state a time limit and Plaintiff may still be able to file his grievance and refile his lawsuit.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Dismiss [Doc. 10] be granted insofar as the case is dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge